# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Swarm Technology LLC, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-24-4927 |
| | § | |
| Hewlett Packard Enterprise Company | § | |
| | § | |
| *Defendant*. | § | |

### ORDER

Pending before the court is Defendant Hewlett Packard Enterprise Company's (HPE) Motion to Strike Plaintiff Swarm Technology LLC's (Swarm) Second Amended Complaint and Amended Infringement Contentions. ECF No. 53. HPE's motion is **GRANTED**.

### *1. Background*

Swarm sued HPE on December 16, 2024, for patent infringement. ECF No. 1. Swarm's First Amended Complaint, filed April 2, 2025, alleges that HPE directly infringed several claims of U.S. Patent No. 10,592,275 (the '275 Patent) and all forty-four claims of U.S. Patent No. 12,159,161 (the '161 Patent).

The court held a scheduling conference and entered a scheduling order on March 20, 2025. ECF Nos. 28 and 29. The court ordered, in part, that Swarm's preliminary infringement contentions were due on May 1, 2025. ECF No. 29. The order required the parties to "[c]omply with P.R.[1] 3-1 and P.R. 3-2. After this date, it is necessary to obtain leave of court to add and/or amend infringement contentions, pursuant to [P.R.] 3-7." *Id.* at 1.

---

[1] P.R. refers to the Rules of Practice for Patent Cases in the Southern District of Texas (the Local Patent Rules).

Pursuant to the court's schedule, the parties were required to exchange proposed terms, claim elements for construction, preliminary claim constructions, and extrinsic evidence in June and July 2025. *Id.* at 2. Then, on August 14, 2025, the parties' joint claim construction and prehearing statement was due. *Id.* August 14, 2025, was also the deadline to amend pleadings. *Id.* The court ordered that "[i]t is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings." *Id.* The discovery deadline on claim construction issues was one month later, on September 11, 2025. *Id.* The Claim Construction hearing is scheduled for December 4, 2025. *Id.*

Swarm provided HPE with its Disclosure of Asserted Claims and Preliminary Infringement Contentions on May 1, 2025, consistent with the scheduling order and P.R. 3-1. ECF No. 53-2 (Preliminary Infringement Contentions). Under P.R. 3-1, such a disclosure must contain "each claim of each patent-in-suit that is allegedly infringed by an opposing party[.]" Swarm's Preliminary Infringement Contentions asserted that HPE infringed only a subset of the claims of the '161 Patent and abandoned any contention that HPE infringed the '275 Patent.[2] ECF No. 53-2 at 1.

On June 30, 2025, the Federal Circuit affirmed the Patent Trial and Appeal Board's (PTAB) Final Written Decision finding that the '275 Patent was not invalid based in part on the requirement that certain claimed steps occur "proactively." *Swarm Tech. LLC v. Amazon.com, Inc.*, No. 2023-2323, 2025 WL 1793698, at *1, 7–8 (Fed. Cir. June 30, 2025). The court also affirmed the PTAB's finding that the claims in another related patent, U.S. Patent No. 9,852,004 (the '004 Patent), were invalid as obvious. *Id.* at *1–3.

---

[2] Swarm's preliminary infringement contentions state that HPE infringed claims 1, 2, 3, 5, 8, 16, 22, 25, 34, 35, 37, 41, 42, 43, and 44 of the '161 Patent. ECF No. 53-2 at 1.

2

The parties exchanged letters about the status of this case in light of the Federal Circuit's decision. HPE stated that "Swarm has no basis to continue asserting claims 1–3, 5, 16, and 34 of the '161 patent" and demanded that Swarm "immediately drop those claims." ECF No. 56-2. Swarm replied that its allegations "are grounded in evidence and are being prosecuted in good faith." ECF No. 56-3.

Central to the instant motion, on August 14, 2025, Swarm filed its "Amended Asserted Claims and Infringement Contentions," ECF No. 49 (Amended Infringement Contentions); the Joint Claim Construction and Prehearing Statement, ECF No. 50; and Swarm's Second Amended Complaint, ECF No. 51. Consistent with its Preliminary Infringement Contentions, Swarm's recent filings do not allege that HPE infringes the '275 Patent. *See* ECF No. 51. However, in both its Amended Infringement Contentions and its Second Amended Complaint, Swarm now alleges infringement of fifteen claims of the '161 Patent that were not asserted in its Preliminary Infringement Contentions.

On August 28, 2025, HPE filed its Motion to Strike Swarm's Amended Infringement Contentions and Second Amended Complaint. ECF No. 53. HPE argues that Swarm cannot amend its infringement contentions or add new claims to the case without showing good cause, which Swarm has failed to do. ECF No. 53 at 4–10. Swarm argues that the Local Patent Rules and scheduling order do not require Swarm to seek leave to file its amended contentions or amended complaint. ECF No. 56 at 9–18.

### 2. *Analysis*

"Federal Circuit authority governs rules and deadlines such as those relating to invalidity contentions that are 'intimately involved in the substance of enforcement of the patent right.'" *Better Bags, Inc. v. Illinois Tool Works, Inc.*, 939 F. Supp. 2d 737,

745 (S.D. Tex. 2013) (citing *O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006)). The purpose of local patent rules in general is to "require parties to crystallize their theories of the case early in the litigation" to "prevent the shifting sands approach to claim construction." *O2 Micro Intern. Ltd.*, 467 F.3d at 1364 (citation omitted); *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015).

### *A. The Court's Scheduling Order*

Swarm's central argument is that leave was not required to amend its Preliminary Infringement Contentions because the court's scheduling order allowed amendment of the complaint without leave of court. ECF No. 56 at 9–11. The court disagrees. The scheduling order plainly states that it is necessary to obtain leave of court to add or amend infringement contentions after May 1, 2025, pursuant to P.R. 3-7. ECF No. 29. P.R. 3-7 in turn requires that the court find good cause to allow an amendment to the preliminary infringement contentions. Thus, after May 1, 2025, Swarm was required to ask for leave of court and show good cause to add new claims to its infringement contentions.

The court's schedule also set a deadline of August 14, 2025, to amend pleadings. ECF No. 29. The order does state that "[i]t is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings." *Id.* Swarm's position is that the court's permission to amend the complaint without leave of court overrides the court's contemporaneous order that no new claims be added without leave of court. The scheduling order should be read in light of reason and common sense. The court's permission to amend without leave of court reflects an effort to reduce the number of court filings and to reduce time, effort, and costs for the lawyers, their clients, and the court. The purpose of the order was not to allow the parties to litigate the case for months without any

4

certainty about which claims would be at issue. To read the court's order in that manner would essentially undermine the purpose of the Local Patent Rules and render the schedule in many ways meaningless. Swarm's reading of the court's order would allow the "shifting sands" that the Local Patent Rules seek to eliminate. Amendment without leave was limited to matters not otherwise addressed in the scheduling order. Swarm was required to seek leave of court and to show good cause before adding new claims to the case or amending its infringement contentions.

### B. *The Local Patent Rules*

The Local Patent Rules are consistent with the court's scheduling order. The Rules require disclosure of asserted claims and preliminary infringement contentions. P.R. 3-1. The Rules state that each party's preliminary infringement contentions will be that party's final contentions, subject to a few exceptions. P.R. 3-6, 3-7. Local Patent Rule 3-6 states that:

> If a party claiming patent infringement has good cause to believe that the material produced by an opposing party under P.R. 3-4 requires amendment of its "Preliminary Infringement Contentions" with respect to the information required by P.R. 3-1(c) and (d), leave of court is not required. [3]

P.R. 3-6(a).

The information required by P.R. 3-1(c) and (d) includes "a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality" and "identification of whether the element is claimed to be literally present or present under the doctrine of equivalents." P.R. 3-1(c), (d). The rule does not contemplate adding completely new

---

[3] A party may also amend portions of its infringement contentions without leave of court in limited circumstances after the court enters its Claim Construction Ruling. P.R. 3-6(b). Because the court has not yet entered a Claim Construction Ruling, this part of the rule does not apply.

5

claims. Because no exception under P.R. 3-6 applies here, Swarm was required to seek leave of court and show good cause before adding new claims into the case. *See* P.R. 3-7(a); *see also Better Bags, Inc.*, 939 F. Supp. 2d at 745.

### C. Good Cause

Good cause under Rule 3-7 "may include, but is not limited to, newly discovered (1) accused instrumentalities, (2) bases for claiming infringement, or (3) prior art references, provided that good cause may be found only if the party seeking leave to amend shows that it exercised diligence in seeking the newly discovered information or documents." P.R. 3-7(b). Courts also consider the traditional four factors to determine whether a movant has shown good cause to amend its infringement contentions: "(1) the explanation for the failure to meet the deadline; (2) potential prejudice in allowing the thing that would be excluded; (3) the importance of the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Dynapass IP Holdings LLC v. JPMorgan Chase & Co.*, No. 22-CV-0212, 2024 WL 233223, at *1 (E.D. Tex. Jan. 22, 2024); *see also U.S. Well Serv., LLC v. TOPS Well Serv.*, No. 19-CV-0237, 2020 WL 5554022 (S.D. Tex. Sept. 16, 2020). The party seeking to amend its contentions bears the burden of establishing good cause and its diligence. *O2 Micro Intern. Ltd.*, 467 F.3d at 1366; *Dynapass IP Holdings LLC*, 2024 WL 233223, at *1. It is thus Swarm's burden to show its diligence and good cause for the amendment. The court turns to Swarm's arguments.

The first factor is the explanation for the failure to meet the deadline. Swarm argues that its failure to seek leave of court was justified for several reasons. ECF No. 56 at 19. Swarm's reasons amount to a misunderstanding of the Local Patent Rules and a misinterpretation of the court's order. These sorts of reasons do not support a finding of good cause.

6

The second factor is potential prejudice to HPE in allowing the amendment. Swarm argues that HPE would not be prejudiced because "[a]ny suggestion by HPE that it now must spend time assessing the newly added claims is disingenuous[.]" ECF No. 56 at 20. HPE argues that Swarm's amendment would "effectively reset the entire case" because it would require a restart of claim construction. ECF No. 53 at 14. HPE states that "the newly asserted claims include some new and different limitations from those in the currently asserted claims[,]" and that that HPE "would need to analyze the additional claims, collect new intrinsic and extrinsic evidence, and potentially prepare a second expert declaration on claim construction and/or indefiniteness." *Id.* The court agrees with HPE. The purpose of the preliminary infringement contentions is to require the parties to clarify their theories of the case early in the litigation and "prevent the shifting sands approach to claim construction." *O2 Micro Intern. Ltd.*, 467 F.3d 1355 at 1364. The parties have spent significant time and effort preparing the case based on the Preliminary Infringement Contentions. Allowing an amendment to add fifteen new claims at this point would effectively require a massive duplication of efforts, which would prejudice HPE. Thus, this factor weighs in favor of the motion to strike.

As to importance, Swarm argues that the Amended Infringement Contentions are critical to the orderly administration of the case. ECF No. 56 at 21. Swarm argues that the court "should not deny Swarm's right to assert its hard-earned patent assets against HPE" based on untimely seeking leave. Swarm also argues that it "could have asserted all 44 claims of the '161 Patent in its Preliminary Infringement Contentions but elected not to in a good faith effort to reduce case complexity, and further based on the objectively reasonable belief that it could amend its infringement contentions as new information was

7

revealed." *Id*. Swarm argues that its amendment is necessary to "substitute potentially invalid claims with claims that are more demonstrably novel, non-obvious, and definite" in response to HPE's invalidity contentions. ECF No. 56 at 14. The court is not persuaded. Swarm always had the opportunity to assert all the claims it now asserts but simply chose not to. That fact undercuts Swarm's arguments that its amendments are important.

As to the availability of a continuance, Swarm argues that resetting impacted deadlines would cure any prejudice against HPE. ECF No. 56 at 22. The court disagrees. A continuance at this point would significantly delay the case and would require both parties to incur new, significant expense. A continuance would not ameliorate the prejudice to HPE.

Swarm has also failed to show that it acted with diligence. If the party seeking amendment does not show its diligence, the court cannot find good cause. *U.S. Well Serv., LLC*, 2020 WL 5554022 at *2.

Swarm's remaining arguments are unpersuasive. Swarm's argument that the Local Patent Rules "should peacefully coexist" with the Federal Rules of Civil Procedure does not change the court's analysis. The Federal Circuit has explained.

> If a local patent rule required the final identification of infringement and invalidity contentions to occur at the outset of the case, shortly after the pleadings were filed and well before the end of discovery, it might well conflict with the spirit, if not the letter, of the notice pleading and broad discovery regime created by the Federal Rules. But we see nothing in the Federal Rules that is inconsistent with local rules requiring the early disclosure of infringement and invalidity contentions and requiring amendments to contentions to be filed with diligence.

*O2 Micro Intern. Ltd.*, 467 F.3d at 1366. The Local Patent Rules do peacefully coexist with the Federal Rules of Civil Procedure.

8

### *3. Conclusion*

HPE's motion, ECF No. 53, is **GRANTED**. Swarm's Amended Infringement Contentions and Second Amended Complaint, ECF Nos. 49 and 51, are **STRICKEN**. The active complaint is Swarm's First Amended Complaint, ECF No. 30. The claims at issue are the claims asserted in Swarm's Preliminary Infringement Contentions, ECF No. 53-2.

Signed at Houston, Texas, on October 17, 2025.

_____
Peter Bray
United States Magistrate Judge